Please be seated. Your Honor, this case on the document 2-16-1032, Charles J. Prorok v. County of Winnebago v. County of Catalina is presented on behalf of the Attorney General, Charles J. Prorok, and on behalf of the County of Catalina, Mr. Charlotte Campbell Clare. Mr. Prorok. Good afternoon, and please support. Yes, sir. First, I would like to, in reviewing my pleadings and the briefs for this argument, I realize that inadvertently I had cited to a case that was a Rule 23 opinion, and I apologize to the Court and Counsel for doing that. I should have known better. It was a mistake on my part, and I apologize for that. Was it a good case? Pardon me? Was it a good case? It was a good case. Well, sort of a good case. It would be redicted, but that's beside the point. The issue before the Court is whether the claim filed by the plaintiff is barred by the Local Governmental and Governmental Tort Immunity Act, the statute of limitations in that act of one year. I think the core issue is the relief sought by the plaintiff damages, which would bar it from further consideration, or was it relief other than damages, which the act provides that it does not cover relief other than damages. And I would submit that a claim under the Wage Payment Collection Act, which was the claim that the plaintiff filed in this case, is a claim for something other than damages. It's a claim for equitable relief, basically making the plaintiff whole worth something that he had earned in his employment with the county of Winnebago but was not compensated for. Why isn't that just plain and simply a contract dispute? Well, I guess arguably it could be a contract dispute, and in that case it would not fall under the Tort Immunity Act either. However, it's kind of hard to characterize it as a contract dispute when the employment was at will. So you kind of have a contract for one issue, but really your employment was at will employment. So that's kind of hard. That's probably the reason why that wasn't characterized as a contract. A contract is a contract, whether it's terminable at will or whether it's for a term. True. It just, there's no difference other than the fact as to the length or whether or not certain aspects of the conditions of employment may constitute grounds to breach or not constitute grounds to breach. Well, I guess you could characterize it as a contract in that. Well, wouldn't the contract be where you would derive any evidence, if you will, of what vacation compensation was agreed to or, ergo, there then due? Well, the vacation was based on the county ordinance, which provided for how much vacation was earned and how much vacation you were entitled to upon leaving employment with the county. The issue comes down to a portion of the vacation that was earned was paid at final compensation, a portion of it was not. And that's the... What's the effort of relief, forcing the county to pay money? Correct. On the balance of what is owed pursuant to that ordinance, basically. Correct. Now, was this ordinance applicable to all county employees? Sometimes they're not applicable to, say, professionals, and that would be lawyers or persons with degrees that would be of a different nature than, say, the clerks or even the elected officials. The ordinance was applicable to all county employees. There wasn't any distinction between whether you were a professional employee, a salaried employee, or an hourly employee. It just was the ordinance applied to everybody equally. Is there any statute of limitations, any statute at all, that would bar a claim this many years later? The statute of limitations that I think is applicable is the one under the Wage Payment Collection Act, which is a 10-year statute of limitations. And this action was filed, I believe, eight and a half years after the something of that nature, after the plaintiff left his employment with the county, which is when the action would accrue. Was there any articulable reason at the trial court why it was that long, eight and a half years? There wasn't anything articulated in the trial court as to why it took that long. There is a reason. I don't know why I don't think I need to get into it. No, that's fine. Are there other persons that might be subject to this same provision? There's only, I only know of potentially one other person, only through anecdotal. For the most part, most people, at least I think almost everybody that left their employment in the county has received all of the vacation. There's only one other person that I know hasn't. And did the county offer any explanation for this? No. So you left voluntarily and you got no information otherwise? Correct. And I think that based upon the provisions of the Wage Payment Collection Act, the fact that what I'm seeking as relief is compensation that I earned, much the same as it would be in a situation where I was filing a claim for wrongful termination and was seeking back pay that I would have earned had I not been wrongfully terminated and front pay that I could have earned had I not been wrongfully terminated. The courts held that that's equitable relief, and I think this is akin to that. The case should not have been dismissed and the trial court should be reversed. How old was the ordinance at the time, or how long has it been on the books, so to speak? I believe that particular, somewhere in the early 80s. It's since been amended. Right, I'm assuming from time to time it gets amended to reflect current circumstances. Your email address is prorocklaw.com. Correct. Does that mean you're a lawyer? Yes. Is there some reason why you didn't put your registration number on the facing for you? Oh, I neglected to do that. I'm sorry. I'm not sure that it's required. I should have done that. You would have told me that you had a number. I do, yes. I don't know why I didn't do that. I always do. You also didn't indicate whether or not you were a pro se or represented by counsel, or whether the pro se counsel was an attorney. No, I didn't. The Rain Tree case, first decided here and then decided by the Supreme Court, talks about the issue of claims grounded in tort contract or statute. Why shouldn't we follow that? Those would be not subject to. So why should we not follow that language? I think, well, under Section 2-101 of the Tort Immunity Act, it provides that, paraphrasing, that this act does not preclude actions for something other than damages. And it's my position that the claim under the Wage Treatment and Collection Act is an action for something other than damages. It's an action for equitable relief. And for that reason, I think the Court's statements in Rain Tree don't apply to this case. It's not a tort case. And, of course, that's, I think, the position we took at the appellate level. Yes. Okay. And correct. Okay. And I think this Court in the Rosen, well, I have a hard time pronouncing this. It's the Aurora case? The Aurora case. You know, this Court held that when the plaintiff in that case was seeking both compensatory damages and back pay and front pay and payment for benefits, that the back pay, front pay, and payment for benefits were equitable in nature, whereas the compensatory damages were damages and were barred from seeking those damages by the Tort Immunity Act. And I think this case is similar to that, in that I'm seeking something in the nature of front pay, back pay, or payment for benefits lost. Now, of course, the Tort Immunity Act is designed to keep funds within the public entity so they're not spent frivolously or on litigation or on things that are difficult. Why would or are difficult to defend, I guess. Why would this not fall? Well, I mean, if you get paid, it will come out of the public offers of the County of Winnebago, which is what the Tort Immunity Act is supposed to prevent happening. Why should you, though, be paid these amounts? Well, if the county had followed the provisions of the Wage Payment and Collection Act and the county ordinance, I would have been paid anyway out of the county public funds because that's how I was paid. The only difference is that it's going to be some years later as opposed to when I should have been. A lot of the, you have a situation where an individual is allegedly harmed by a police officer and doesn't file a lawsuit within a one-year limitation period set forth in the Tort Immunity Act. We're talking about an injury that occurred, an incident that occurred some years before, and then the purpose of the act is to make sure that those things are filed in a timely manner in one instance. And in the other instance, if the immunities apply, then the local government would be immune to protect the government from those frivolous claims against it or claims against it arising out of the local government or its employees doing the jobs that they're required to do. And I think this is a different issue. We're talking about compensation that should have been paid and wasn't. Did you ever study the history of the Tort Immunity Act? I did when I was an assistant state's attorney. That was some years ago. Does it relate to sovereign immunity? It relates to sovereign immunity. Does sovereign immunity have any effect on contracts? I would think based on the purpose of sovereign immunity, it would not. The state has a court claims, but even then it's not immune in the sense that it does pay claims. Yes. And usually they're based upon including contracts. Right. Did the judge indicate what the tort was that was committed here, like conversion or? I don't recall the trial judge addressing it in that way. I think the trial judge was focusing on the remedy being sought as damages. And in that sense, it fell within the Tort Immunity Act, and that's why the judge granted the motion to dismiss. So you're an assistant state's attorney, and the county is represented by an assistant state's attorney, is that correct? Correct. Unless there are any other questions, I think. Thank you. Ms. LeClaire. Thank you, Your Honor. Good afternoon. Are you aware that the panel has also at one time been assistant state's attorneys? I have, actually. I reviewed your bios yesterday. Yes. Of course, for some of us, it's been way longer than others. And we've got our vacation paid, too. I believe that. You've got vacation? Yes. I actually was forced to take Fridays off because one of them couldn't afford to be without me. So anyway, how is this a tort? I don't think it is a tort, Your Honor. It's a statutory claim. It still falls under the definition of injury under the Tort Immunity Act under Section 1204. It's a statutory claim. Could you speak a little louder, please? I'm sorry, yes. But if these hours were earned, or these days or whatever, I think we're talking about hours here. If these hours were earned, how is it not similar to a type of restitution for the work done or equitable relief, as in Raintree? It's not because Mr. Prorok has an adequate remedy under the law. He has an adequate remedy under the Wage Payment Collection Act. That's the claim that he brought in this case. Under Raintree, as you pointed out, the court referenced the fact that the plaintiffs in that case who wanted the return of their impact fees didn't have a claim under the statutes. They didn't have a tort claim. They didn't have a contract claim. Restitution was what was left to them. In this case, he has an adequate remedy, which he's asserted. So it's not restitution in this case. What should he have done? He should have filed within the year after he left the State's Attorney's Office. You stated that he has a claim under the statutes and, therefore, the Tort Amenity Act applies? Correct. Is that what I heard you say? There's a basic principle in law that says that the specific usually controls over the general. And if the specific statute that he was seeking his remedy under provides for a 10-year statute of limitations, why wouldn't that statute of limitations apply instead of the general one-year limitations that comes from the Tort Immunity Act? Because the Tort Immunity Act is intended to apply to governmental entities. Private entities, every individual has the 10-year statute of limitations. The Tort Immunity Act is intended to protect the governmental entities from these claims that are brought 8, 9 years, where we're not able in Winnebago County in this case was not able to anticipate this $30,000 hit on their budget 9 years, almost 9 years after this cause of action occurred. So you're saying that the statute doesn't apply to counties? It does apply to counties. Well, then, is there an exemption in the statute that says that if the employer is a municipal corporation or a state agency or the state itself that there's a one-year limitations or that the Tort Immunity Act applies or they have to file in a court of claims or something like that? There's the one-year statute of limitations. But in the Wage Act, is there anything that says that if you are a public entity or if your grievance is against a public entity, you must rely on the Tort Immunity Act? No, I'm not aware of anything in the Wage Amendment Act. And so the point that I think Justice McClaren is making, why wouldn't that apply? Why wouldn't the 10-year statute of limitations apply? Because it only – the 10-year statute of limitations applies to every private employer out there. It doesn't say private. That's correct. It does apply to every employer out there except for governmental entities have the ability to assert the Tort Immunity Act as a defense, in which case we've done in this case. For damages. What part of this is damages? All of it. How can it be damages if it was earned? If it was something that he earned, what's the damage? There's no interest involved here, is there? No, there's no interest. He's not asking for anything punitive because he hasn't been paid in almost 10 years? That's correct. It's just his hourly rate at whatever the ordinance said he was entitled to. If it was the median of his last four years or his last year, whatever the case may be, it was on the books as $30,000 at the time he left. Why isn't it his money? Because he didn't bring the claim within one year. The statute provides for damages. It's not. Well, I'm saying it's not. Why is it a damage? It's not a damage. He earned the money. But the statute is what provides that he's entitled to this vacation. No, the ordinance does. Well, the ordinance isn't before you. We hadn't even gotten that far. This is a motion to dismiss. No, but he's saying that his request is pursuant to the ordinance and statute. That's what he argued just moments ago. Well, his complaint was solely as to the statute itself. And the court in Raintree referenced one possible definition of damages where they said, it is compensation or satisfaction imposed by law for a wrong or injury caused by a violation of a legal right. In this case, Mr. Porak has asserted that the county of Winnebago had a duty to pay him under the Wage Payment and Collection Act for his earned vacation. They breached that duty by not paying him, and he was damaged as a result because he did not receive that pay that he had allegedly earned. Well, if he says he is damaged, that means he didn't receive the money that he was owed. But I guess your argument is, well, we just couldn't budget for this because this hit is just way too big. Wouldn't it have been way too big within the year if you weren't going to give it to him anyway? But it was much easier for the county to contemplate that happening when he left because the county knew that they did not pay him. Well, what if he just lost the $30,000 all at once and he's willing to take it over a period of time so it can be budgeted? Well, he didn't ask for that. He waited eight and a half years to bring this claim under the Wage Payment and Collection Act as a complete surprise to the county, who did not anticipate it, could not budget for it. The county, well, why does the county have to, right now you're having some issues about what the county may not anticipate, but that's really not part of, that's really not part of this issue. If he had earned it by virtue of the statute, why isn't he entitled to it? Well, it's still our position that this is damages under the statute. If I follow your logic then, if Granger, do you know who Granger is, Granger, Inc.? Yes. Supplied toilet paper and paper towels and disinfectant and light bulbs and brooms and buckets and thresholds. And they brought a lawsuit two years, three years down the road that they would be subject to the Tort Immunity Act? No, because it specifically excludes contract claims and I believe that would be a contract claim. It's a contract claim and it's not affected by the fact that there's a statute relating to wage claims, correct? Is that your argument? Yes. So contracts are allowable and contracts generally, if they're in writing, and I think the ordinance was in writing, the general contracts have a 10-year statute limitation, similar to or the equivalent of the Wage Claim Act, is that correct? That's correct. If it's an oral argument, it's five years, I think, correct? That sounds correct. So let's assume now that this is just a plain old, plain old contract breach based upon an oral or, pardon me, a writing, the ordinance in particular, and would you agree that the 10-year statute limitations would apply because it's a breach of contract? I would agree, yes. Okay. But Mr. Parrock has not brought a breach of contract claim in this case. He's brought a wage payment collection act. Well, let me ask you this. Have you ever heard of a wage claim that wasn't based upon a contract other than possibly a quantum merowick claim? And I don't even know that a quantum merowick claim can be brought in a wage claim under the statute. Let me ask you this. Oh, I'm sorry. No, I just was going to say I don't have any other questions on point. Thank you. Thank you. In your position, what is the difference between damages and equitable relief? Mr. Parrock has argued that this is akin to, say, back pay in the discrimination case. However, the purpose of the back pay, front pay, is to put the employee in those cases in the position that they would have been had discrimination not occurred. This is different because he's not seeking equitable back pay. He's seeking a remedy under the statute that's allowed by the statute. It's a money damages remedy for his injury. There's no fairness issues here. Let me ask you this. If you were not representing a government entity, it would be a 10-year statute of limitations. Yes. So, and I don't mean to put words in your mouth, but I'm just trying to understand. Your position is, look, anybody else, it's 10 years. Whether it's a contractor, it's under the wage, pretty much this is 10 years. So your position is because you are a government entity for which the Tort Immunity Act was created, that's what then takes that 10-year statute of limitation and reduces it to one year. Is that it in a nutshell? That is correct. Okay. Gotcha. But in the Murray case that you rely on, there actually was a penalty that was imposed or could be imposed by this, the act, because the employer did not take out the required child support payments. That penalty is not allowed because it is clearly a penalty. But they were entitled to get the child support payments, correct? That's correct, but there wasn't a statute of limitations issue in that case. Well, but it's still the same issue. You're relying on the fact that the damages, the penalty could not be collected, but the amount that was ordered could be collected. This is an amount that was entitled. I don't see the difference. Can you explain it? In this case, Mr. Prorok rated eight and a half years to bring his claim. In that case, there wasn't the statute of limitations wasn't even raised. Had Mr. Prorok brought his claim in the first year, that would not be an issue. He would be entitled to, provided there were no other defenses, he would be entitled to be paid for his 526 hours. Even though this is technically so all right. So he's no longer entitled to it, and you didn't have to anticipate, you couldn't anticipate, so what did you do with the money that you did, not you personally, but the county, do with the money that he was owed that he didn't collect in a year? Other assistants get raises? No, I'm sure it's sitting in the general revenue fund. Well, then why can't it be paid out? Because we've asserted this defense. Thank you. Thank you. Mr. Prorok? Just very briefly, I think if the position of the county is held as the law, then that means that any public employer, excuse me, public employee, is limited to a one-year statute of limitations for any wage claim. But if an individual isn't paid overtime and files a claim under the Illinois Human Wage Act. Well, I can give you a scenario where it wouldn't apply. Let's say you decided that on a closing statement that you got from the county before you actually were terminated, you thought you were entitled to more vacation than they gave you. You could file suit and demand an injunction that would force the county to extend your employment and grant you those vacation days so that, quote-unquote, you effectively would be employed, you would not be working, and you would get the periodic payments that you were entitled to. So to that extent, it's clearly a classical injunctive affirmative relief. This is a situation where theoretically you could say, I want a vacation and I want 30 days or 20 days or whatever, and I want you to give it to me now. I won't come in. I won't even dirty a desk. You just pay me the, you know. So to that extent, it's possible to maybe make the argument that all you're asking is that you be placed on the rolls of the county for the duration of the number of days equal to your vacation and you get compensation therefore. Now, you may end up having deductions that you didn't like taken from you or a paycheck, but see that as it may, does that work? Is that an appropriate form of relief such that the Tort Immunity Act wouldn't apply? If, in fact, that's what you're asking for. I suspect that that could work, or at least you could file a claim of that nature. You asked for money, though. You didn't ask to be put on the rolls. No, I asked for the money that I had previously earned, and I think that that's equitable in nature and not damages. See how naive you were? You were so young. Pardon me? You were so young at the time. How do you look at this? What you are asking for is dollars. Yes. Pure and simple damages, dollars. How do we take that and ipso facto make it into something that's equitable? I think the courts have held that monetary relief, that equitable relief can be monetary in nature. It can be, but isn't always. It isn't always. Why here? That's the question. Why here? Because, again, it's similar to what the courts have previously held to be equitable relief. That is, it's similar to back pay and front pay. This is back pay for something that you wouldn't have earned but for the wrongful act of your employer. But the wrongful act, the wrongful act is what? The wrongful act is at the final compensation under the Wage Payment Collection Act, you're supposed to be paid for all vacation that was accrued and unused. And I wasn't. I was paid for part of it but not all of it. That's the wrongful act. Thank you.